IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH DAVIS, # K-60509, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cv-004-MJR |
| | ) |
| OFFICER SWALLERS | ) |
| and WARDEN DAVIS, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is serving a 20 year sentence for aggravated kidnaping and a 50 year sentence for attempted murder. Plaintiff claims that Defendants subjected him to unconstitutional conditions of confinement.

More specifically, Plaintiff claims that on August 8, 2011, while he was in the prison law library in the academic building, he requested permission from Defendant Swallers to use the restroom (Doc. 1, p. 9). Plaintiff informed Defendant Swallers that he had a serious medical condition, and if he was not allowed to visit the restroom, he would go on himself. Defendant Swallers told Plaintiff to go on himself. Plaintiff had a bowel movement in his clothing, and had to remain in the academic building until his time was up, while soiled with stool and blood. He then had to walk from there back to his cell house in that condition.

Plaintiff attaches exhibits showing that he saw the nurse on August 10, 2011, about his diarrhea, from which he had suffered for a considerable time (Doc. 1-1, p. 3). He later

was diagnosed with a rectal prolapse and surgery was recommended (Doc. 1-1, p. 6). Plaintiff's medical treatment has been the subject of other suits he has filed, two of which are still pending in this Court. *See Davis v. Shah*, Case No. 12-cv-1068-MJR (dismissed Jan. 9, 2013); *Davis v. Garil*, Case No. 12-cv-36-JPG-PMF (filed Jan. 12, 2012); *Davis v. Wahl*, Case No. 10-cv-971-JPG-PMF (filed Dec. 1, 2010).

Plaintiff filed a grievance over this incident, alerting Defendant Davis (Pinckneyville Warden) to the problem of lack of access to toilet facilities in the academic building (Doc. 1, p.10). However, Defendant Davis did nothing. Plaintiff alleges that Defendant Davis set the policy of forbidding inmates to use the restroom while in the law library.

Plaintiff seeks injunctive relief to ensure that adequate toilet facilities are available to inmates in the academic building, as well as damages (Doc. 1, p. 12-13).

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable Eighth Amendment cause of action against Defendants Swallers and Davis for subjecting him to inhumane conditions of confinement.

**Pending Motions**

Plaintiff has filed a motion for leave to proceed in forma pauperis ("IFP") (Doc. 2), and has submitted an affidavit stating that he has no employment, has received no income for the last twelve months, and has no assets or cash on hand. However, he has not tendered a complete certified copy of his inmate trust fund account statement. The Court has requested a trust fund statement for the six-month period immediately preceding the filing of this case from Pinckneyville, but to date has not received information sufficient to determine the amount of Plaintiff's initial partial payment. Based on Plaintiff's affidavit of indigence, the Court

concludes that he is unable to pay in full the $350.00 filing fee in this case at this time, and therefore it is appropriate to permit him to proceed IFP in this case without full prepayment of the fee. At such time as the Court receives from the institution's Trust Fund Officer the certified copy of Plaintiff's trust fund account statement as requested, the Court will enter an order authorizing the Trust Fund Officer to deduct from Plaintiff's trust fund account the initial partial filing fee, and to forward this payment to the Clerk of Court. The order shall also direct subsequent payments to be made pursuant to § 1915 until the filing fee is paid in full. Plaintiff's motion to proceed IFP in this case (Doc. 2) is **GRANTED**. The Clerk of Court is directed to send a copy of this Order to Plaintiff and to the Trust Fund Officer at Pinckneyville.

Plaintiff's motion for appointment of counsel (Doc. 3) shall be referred to United States Magistrate Judge Williams for further consideration.

The motion for service of process at government expense (Doc. 4) is **GRANTED**. Service shall be ordered below.

**Disposition**

The Clerk of Court shall prepare for Defendants **SWALLERS** and **DAVIS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, which shall include a determination on the pending motion for appointment of counsel (Doc. X).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28

U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 24, 2013**

s/ MICHAEL J. REAGAN
United States District Judge