IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH DAVIS, | ) |
|         Plaintiff, | ) |
| vs. | ) Case No. 13-CV-0004 –MJR-SCW |
| AARON SWALLERS AND RANDY DAVIS, | ) |
|         Defendants. | ) |

# MEMORANDUM AND ORDER

REAGAN, District Judge:

    This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Stephen C. Williams (Doc. 38), recommending that the motion for summary judgment for failure to exhaust administrative remedies filed by Defendant Randy Davis (Docs. 27 & 28) be **DENIED**. The Report and Recommendation was entered on September 27, 2013, and included a Notice that any objections were due within fourteen days of service. No objections have been filed.

    Plaintiff Joseph Davis, formerly an inmate at Pinckneyville Correctional Center, filed this case asserting that Defendants subjected him to unconstitutional conditions of confinement (Doc. 1). On May 22, 3013, Defendant Davis filed a motion for summary

judgment on the basis that Plaintiff had failed to exhaust his administrative remedies as to Defendant Davis before bringing suit (Docs. 27 & 28). Magistrate Judge Williams did not hold a *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008) hearing on the basis that a hearing was not necessary as the issues presented are solely legal questions and "there are no disputes of fact as to exhaustion" (*See* Doc. 38, p. 3). On September 27, 2013, Magistrate Judge Williams issued the Report and Recommendation currently before the Court (Doc. 38). The Report and Recommendation accurately states the nature of the evidence on the issue of exhaustion, as well as the applicable law and the requirements of the administrative process.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. **28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b);** *Harper v. City of Chicago Heights*, **824 F. Supp. 786, 788 (N.D. Ill. 1993);** *see also Govas v. Chalmers*, **965 F.2d 298, 301 (7th Cir. 1992)**. The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper*, **824 F. Supp. at 788**. In making this determination, the Court must look at all of the evidence contained in the record and "give 'fresh consideration to those issues to which specific objections have been made.'" *Id., quoting* **12 Charles Alan Wright et al.,** *Federal Practice and Procedure* **§ 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)**.

However, where neither timely nor specific objections to the Report and Recommendation are made, pursuant to 28 U.S.C. § 636(b), this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, **474 U.S. 140**

**(1985)**. While a *de novo* review is not required here, the Court has considered the evidence and fully agrees with the findings, analysis, and conclusions of Magistrate Judge Williams. The undersigned District Judge agrees that the facts presented lead to the conclusion that Plaintiff exhausted his administrative remedies as to Defendant Davis. Although Plaintiff did not name Defendant Davis or the policy regarding restroom usage in his August 8, 2011 grievance, he did include enough descriptive information to put the prison officials on notice that he was also possibly grieving the policy that prevented him from using the restroom in the law library as implemented by Defendant Davis. Moreover, there is no evidence that Plaintiff knew of the policy's existence in order to specifically grieve the policy on August 8, 2011. The Court agrees that in grieving about Swallers, as well as the incident of not being able to use the restroom while in the law library, Plaintiff provided all of the information that he had at that time to the prison officials.

The Court **ADOPTS** Magistrate Judge William's Report and Recommendation (Doc. 38) and **DENIES** Defendant's motion for summary judgment (Docs. 27 & 28). The Court finds that Plaintiff has exhausted his administrative remedies as to Defendant Davis, and thus the motion for summary judgment as to this defendant is **DENIED**.

IT IS SO ORDERED.

DATED: November 5, 2013

                                          s/Michael J. Reagan
                                          MICHAEL J. REAGAN
                                          United States District Judge